# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Daniel and Sheryl Olshefsky, ) | Case No. 2:21-cv-591-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Jennifer Jensen Bergan, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 16) recommending that the Court dismiss Plaintiffs' complaint without prejudice and without service of process and deny Plaintiffs' motion for emergency action (Dkt. No. 9). For the reasons set forth below, the Court adopts in whole the R&R as the Order of the Court, dismisses Plaintiffs' complaint without prejudice and without service of process and denies Plaintiffs' motion for emergency action.

## I.   Background

Plaintiffs, proceeding *pro se* and *in forma pauperis*, bring this action pursuant to 42 U.S.C. § 1983 against Judges Jennifer Jensen Bergan and Amy J. Knussman, the South Carolina Department of Child Protective Services, and the Saratoga County Child Protective Services alleging violations of their due process rights in relation to certain family court proceedings in Saratoga County, New York. Plaintiffs seek return of their children, a permanent restraining order against Child Protective Services in both New York and South Carolina, a stay of proceedings in the Saratoga County Family Court, removal of Plaintiffs' name from "the system registry," and monetary damages.

On March 5, 2021, Plaintiffs filed a motion for emergency action, (Dkt. No. 9), requesting essentially the same relief sought in the complaint.

On April 15, 2021, the Magistrate Judge issued an R&R recommending that Plaintiffs' complaint be dismissed without prejudice and without issuance of process. (Dkt. No. 16). The R&R also recommended that Plaintiffs' motion for emergency action be denied.

## II.  Legal Standards

### a.  Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses ... Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiffs did not file objections to the R&R, so the R&R is reviewed for clear error.

### III. Discussion

After careful review of the record and the R&R, the Court finds that the Magistrate Judge ably concluded that Plaintiffs' complaint should be dismissed without prejudice and without issuance of process and that Plaintiffs' motion for emergency relief be denied.

First, the Magistrate Judge correctly concluded that the complaint should be dismissed as frivolous, noting that "possibly the only substantive federal claim asserted here[] appears to be that Defendants violated Plaintiffs' constitutional rights to due process by removing their children from the home without sufficient evidence of abuse, and challenging their parental rights in the family court proceedings that followed." (Dkt. No. 16 at 6-7). The Magistrate Judge correctly found,

however, that dismissal was appropriate because Plaintiffs' supporting allegations to this effect were "fantastic" and "delusional." (*Id.*). (finding that Plaintiffs' "frivolous, unsubstantiated theory that Defendants purposefully targeted their family and colluded to kidnap and traffic Plaintiffs' children 'to make money and defraud the United States Government'" was plainly "delusional" or "fantastic").[1] *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (the court has the authority to dismiss obviously baseless claims); *see, e.g.*, *Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *adopted*, 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car and stalked her, noting that the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Blakney v. Brewton*, No. 6:20-cv-2915-DCC-KFM, 2020 WL 8366287, at *3 (D.S.C. Nov. 13, 2020), *adopted*, 2021 WL 307489 (D.S.C. Jan. 29, 2021) (dismissing action as frivolous and delusional where "unsubstantiated allegations describe[d] a mutli-state conspiracy to defame plaintiff").  Second, and as thoroughly explained in the R&R, the Magistrate Judge correctly concluded that Plaintiffs' claims were also barred under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny or by the *Rooker-Feldman*

---

[1] The Court finds the Magistrate Judge accurately described the nature and substance of Plaintiffs' complaint and Plaintiffs' supplementary filings. *See* (Dkt. No. 16 at 2) (noting "the scope of this action is difficult to ascertain, as Plaintiffs' rambling allegations span over eighty pages of supplemental documents, many of which are out-of-context, nonsensical, and unconnected to the claims before this Court") (citing (Dkt. No. 10 at 5-7) (discussing the origins and definition of a "kangaroo court") and (Dkt. No. 11 at 22-31) (providing excerpts regarding the Cesti Que Vie Act of 1666, treason, and maritime admiralty law)); *see also*, (Dkt. No. 8 at 1) ("We had sent solid case evidence . . . that CPS here in South Carolina conspired with Saratoga County New York CPS (without a valid open case from South Carolina) to kidnap and interstate traffic the daughter back to New York with hopes this would extortion the parents against their will to sell their home in the country and move back to New York to be prosecuted for crimes they were never officially charged with under the real judicial law.") (emphasis removed and errors in original).

doctrine. (Dkt. No. 16 at 7-10). Third and last, the Magistrate Judge correctly found that all claims against Judges Bergan and Knussman, regardless of the lack of jurisdiction over Plaintiffs' claims in the instant case, were barred by the doctrine of judicial immunity.

## IV.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 16) as the order of the Court, **DISMISSES** Plaintiffs' complaint without prejudice and without service of process and **DENIES** Plaintiffs' motion for emergency relief (Dkt. No. 9).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 4, 2021
Charleston, South Carolina